UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-CV-22403-GRAHAM/GOODMAN

HELLMANN WORLDWIDE
LOGISTICS, INC.,

    Plaintiff,

v.

NANOSOLAR, INC.,

    Defendant.
_____/

REPORT AND RECOMMENDATIONS
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS CAUSE is before the Undersigned following the District Court's referral of Plaintiff Hellmann Worldwide Logistics, Inc.'s ("Hellmann") motion for final default judgment. [ECF Nos. 8; 13]. The Undersigned has reviewed Hellmann's motion, the complaint, and other relevant portions of the record. For the foregoing reasons, the Undersigned **respectfully recommends** that the District Court **deny** Hellmann's motion, **vacate** the Clerk's entry of default against Defendant Nanosolar, Inc. ("Nanosolar"), and require Hellmann to amend its complaint to sufficiently plead a cause of action.

I.    FACTUAL BACKGROUND

Hellmann filed this lawsuit against Nanosolar in July 2013, alleging that it executed a number of shipments on Nanosolar's behalf pursuant to a limited power of

attorney for export agreement. [ECF No. 1, p. 2]. Nanosolar, however, did not pay any of Hellmann's invoices, which totaled $161,970.00 at the time Hellmann filed suit. [*Id.*]. Hellmann's complaint asks for this unpaid amount as damages, plus interest. [*Id.*].

Nanosolar did not respond to the complaint or otherwise make an appearance in the case. Because Nanosolar did not answer the complaint within 21 days of being served, the Clerk of the Court entered a default against it on August 30, 2013. [ECF Nos. 5; 6; 7]. Hellmann now seeks the entry of a default judgment. [ECF No. 8].

## II.     LEGAL STANDARD

When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

A defaulting defendant, however, does not admit any facts that are pleaded insufficiently or that are mere conclusions of law. *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206). Because a defendant admits only those facts that are well pled, the default in itself does not create the basis for a court's entry of final default judgment. *Nishimatsu*, 515 F.2d at 1206. Rather, a court must determine whether the factual allegations are well pled and present a sufficient basis for the judgment. *Id.* In

other words, a motion for default judgment "is not granted as a matter of right." *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 868 (S.D. Ga. 1996).

## III.  DISCUSSION

Federal Rule of Civil Procedure 8 requires that a complaint include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief." *Jenkins v. Santiago*, No. 11-CV-1082-J-34JBT, 2012 WL 3242354, at *2 (M.D. Fla. Aug. 8, 2012) (citing Fed. R. Civ. P. 8(a)).

Hellmann's complaint does not sufficiently plead any count at all. The complaint merely states that the parties executed a "Limited Power of Attorney for Export" agreement, that Hellmann acted as a freight forwarder and executed a number of shipments on Nanosolar's behalf, and that Hellmann issued invoices to Nanosolar totaling $161,970.00 which Nanosolar did not pay. [ECF No. 1, pp. 1-2.]. But there is not even a mention of a named or numbered "count" indicating the cause (or causes) of action under which Hellmann seeks to recover damages.

Hellmann might have been trying to allege that *Nanosolar breached* a contract. Or it may have been trying to plead an accounts stated claim, an open account claim, a quantum meruit claim, or some other claim. As currently pled, however, the complaint falls short of providing the necessary sufficiency for the Undersigned to evaluate, as I must, whether Nanosolar has sufficiently pled a claim. *See Nishimatsu*, 515 F.2d at 1206

3

(court must determine whether the factual allegations are well pled and present a sufficient basis for the judgment).

Simply stated, the Undersigned is not in a position to divine a cause of action where the complaint itself fails to set forth the count or counts being alleged. Therefore, the Undersigned respectfully recommends that the District Court deny Hellmann's motion for default judgment, vacate the Clerk's entry of default, and require Hellmann to amend its complaint. If Nanosolar again fails to appear and defend, then Hellmann can again seek a default and a default judgment based on the amended (and hopefully sufficiently-pled) complaint. *See, e.g., Bonifacio v. Northeastern Acquisitions Grp.*, 798 F. Supp. 2d 1321, 1322 (S.D. Fla. 2011) (denying motion for final default judgment, vacating clerk's entry of default, and requiring plaintiff to amend complaint); *Jenkins*, 2012 WL 3242354, at *1 (denying motion for final default judgment and allowing plaintiff to replead complaint).

## IV.   CONCLUSION

For the foregoing reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court **deny** Hellmann's motion for entry of default judgment, **vacate** the Clerk's entry of default against Nanosolar, and require Hellmann to amend its complaint to sufficiently plead a cause of action.

## V.        OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), all parties will have seven (7) days from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court.[1] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and Recommendations and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir.), *cert. denied*, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, February 13, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Donald L. Graham
All counsel of record[2]

---

[1]      Because Nanosolar has failed to respond to any filing in this case, the Undersigned has shortened the normal objections period and eliminated the response period.

[2]      Hellmann's counsel shall serve on Nanosolar a copy of this Report and Recommendations by February 20, 2014 and file a notice of compliance.